*496 MELLOY, Circuit Judge,
dissenting.
At the conclusion of Hamman’s hearing, the ALJ requested that Hamman undergo a psychological evaluation. The evaluating psychologist subsequently submitted a report diagnosing Hamman, for the first time, with somatoform disorder. As we recently noted, somatoform disorders “may, in fact, be debilitating even when clinical or diagnostic medical evidence does not fully support the claimed symptoms.” Nowling v. Colvin, 813 F.3d 1110, 1114 (8th Cir. 2016). An individual with a somato-form disorder “actually believes herself to be experiencing symptoms at a greater level of severity than clinical evidence can support.” Id Accordingly, the majority correctly notes that an ALJ cannot make an adverse credibility finding simply because the somatoform sufferer’s complaints. are not supported by objective medical data. See Easter v. Bowen, 867 F.2d 1128, 1131 (8th Cir. 1989).
The record strongly suggests, however, that neither Hamman nor the ALJ understood the significance of Hamman’s soma-toform diagnosis before the ALJ’s decision. The evaluating psychologist did not explain the diagnosis in her report. And the diagnosis came late in the disability determination process, after the ALJ requested the psychological evaluation at Hamman’s hearing. Because somatoform disorder, properly understood, places Hamman’s complaints in a different light, I would remand for further consideration and development of the record.